IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | CIVIL ACTION NO. **4:CV-06-1697** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| JOHN DOE, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background**.

On August 30, 2006, the Plaintiff, Johnny Cyrus, an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), Pennsylvania, filed, *pro se,* this action pursuant to 28 U.S.C. § 1331. (Doc. 1). Plaintiff also filed a Motion to proceed *in forma pauperis*. (Doc. 2). Plaintiff named as Defendants, with respect to his *Bivens*[1] action, two unknown Correction Officers ("CO") at FCI-Allenwood, namely John Doe, an individual employed by the Federal Bureau of Prisons ("BOP") in the R &D Release and Discharge Department, and Jane Doe, a CO assigned to the prison mail room. (Doc. 1, p. 2). Plaintiff alleged that on August 29, 2005, CO John Doe packed his personal property in order to send it to his next prison (USSMCFP). Plaintiff claimed that Defendant John Doe either did not pack all of his property or that he kept it. (*Id*.). Plaintiff alleged that Defendant Jane Doe, also on August 29, 2005, watched Defendant John Doe pack his property

---

[1] As this Court noted in *Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1. (M.D. Pa.).:
"In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights."

and that either she or John Doe did not pack all of his property. (*Id*.). As relief, Plaintiff sought compensatory damages of $1,000.00 for negligence, as well as pain and suffering. (*Id*., p. 3).

Plaintiff attached to his Complaint a copy of a Memorandum dated May 11, 2006 from the Bureau of Prisons ("BOP") Regional Counsel, denying his Administrative Tort Clam he filed with the BOP under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and § 2680, regarding his present claim that his personal property was lost by the staff at FCI-Allenwood during his transfer to USMCFP on August 29, 2005. (Doc. 1, Att. 1). Plaintiff also attached to his Complaint a copy of a letter he sent to the BOP Regional Counsel dated May 30, 2006, seeking a reconsideration of his tort claim (SF-95) based on the reason that he did not initial the property form, which purportedly showed he received all of his property, with his initials. Rather, he stated that he used the initials of "P.M." on the form for "property missing." (Doc. 1, Att. 2).

On August 30, 2006, Plaintiff filed the instant action with this Court erroneously under *Bivens*. (Doc. 1, p. 1). Plaintiff also erroneously named two unknown FCI-Allenwood CO's as Defendants. Further, Plaintiff improperly sought relief in this action which was more than the relief he requested in his Administrative Tort Claim.

Upon our initial screening of this case under the Prison Litigation Reform Act of 1995 (the "PLRA"), we found that Plaintiff's present action should be deemed as filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and § 2680, and not pursuant to *Bivens*. As we stated, Plaintiff claimed that Defendants John Doe and Jane Doe were negligent and failed to properly pack all of his property, and failed to properly watch that all of his property was packed when he

was sent to USMCFP, Springfield.[2]  We indicated that in an FTCA action, Plaintiff is permitted to only name the United States of America as the Defendant.  We stated that Plaintiff improperly attempted to name the prison CO's in the mail room and Release and Discharge unit as the Defendants in this FTCA action.

As relief, Plaintiff requested $1,000 in damages from Defendants. (*Id.*, p.3).  We found that Plaintiff's stated relief request as against Defendants should be limited to the $250.00 he sought in his tort claim.  (*Id.*, Att. 1).  We also found that Plaintiff was precluded from seeking damages for pain and suffering.

Therefore, in reviewing the Complaint under 28 U.S.C. §1915(e)(2)(B), we found that the Plaintiff was unable to maintain his FTCA action against the named Defendants.  We found that the only proper Defendant in this action is the United States.  We also found that Plaintiff's relief request for an amount of damages in excess of his tort claim should be stricken and that Plaintiff should be limited to $250.00 as his damages.  (Doc. 6).

On October 20, 2006, the District Court adopted our Report and Recommendation, and construed Plaintiff's action as an FTCA action, and substituted the United States as the sole Defendant.  (Doc. 10).  We then issued an Order granting Plaintiff's request to proceed *in forma pauperis,* and directed service of Plaintiff's FTCA Complaint on the Untied States.  (Doc. 11).

---

[2]In his Complaint (Doc. 1, p. 1, ¶ II.), Plaintiff indicated that he exhausted his BOP administrative remedies by filing a grievance with the prison.  Plaintiff also filed a tort claim with the BOP (SF-95) as required under the FTCA.  *See* 28 U.S.C. § 2401(b).   Att. 1 to his Complaint indicated  that his tort claim was denied by the BOP.   Plaintiff then timely filed the present action within six (6) months of the BOP's denial of his tort claim.

## II. Discussion.

In response to the Complaint, on December 26, 2006, the Defendant filed a Motion to Dismiss the Complaint (Doc. 17). A supporting Brief and Exhibits were filed on January 10, 2007. (Docs. 18 and 19). Plaintiff's failure to timely file his brief in opposition to the Motion resulted in the issuance of an Order on February 2, 2007, directing him to file his brief in opposition to the Motion to Dismiss the Complaint on or by February 16, 2007. Said Order further stated that Plaintiff's failure to timely file his opposition brief may result in the issuance of a report and recommendation that the action be dismissed for failure to prosecute. (Doc. 21).

The original time in which Plaintiff was to have filed his opposition brief, as well as extended time which this Court *sua sponte* gave to Plaintiff, have expired. The Plaintiff has neither filed his opposition brief nor requested a further extension of time in which to do so.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff has failed to both prosecute the action and to comply with an Order of the Court by his failure to file a brief in opposition to Defendant's Motion to Dismiss as directed.

Based on the foregoing, it will be recommended that the Complaint be dismissed on the basis of Plaintiff's failure to timely file his brief in opposition to Defendant's Motion to Dismiss and for his failure to comply with an Order of the Court.

Moreover, we have reviewed Defendant's Motion to Dismiss and Brief, and find the Motion to have merit. Specifically, Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's claim since it is barred by the detention of goods exception to the FTCA, pursuant to

28 U.S.C. § 2860(c).  Defendant argues that Plaintiff's FTCA action should be dismissed for lack of jurisdiction pursuant to the detention of goods exception to the FTCA.  This argument is based on Rule 12(b)(1).

The Court in *Henderson v. Nationwide Ins. Co.*, 169 F. Supp. 2d 365, 367-368 (E.D. Pa. 2001), stated:

> Fed.R.Civ.P. 12(b)(1) provides that a party may move to dismiss a lawsuit for lack of jurisdiction over the subject matter.  A 12(b)(1) motion may challenge jurisdiction based on the face of the complaint or its existence in fact.  *See Gould Elects. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000) (*citing Mortensen v. First Fed. Savings and Loan Ass'n.,* 549 F.2d 884, 891 (3d Cir. 1977)).  When the challenge is facial, the court must accept as true all well-pleaded allegations in the complaint and draw reasonable inferences in favor of the plaintiff. *See Mortensen*, 549 F.2d at 890.  When the challenge to jurisdiction is factual, however, the court is not bound by the allegations in the pleadings.  *See id.*  Therefore, "no presumptive truthfulness attaches to plaintiff's allegations" for factual challenges.  *Id*.  Regardless of whether the challenge is facial or factual, the plaintiff bears the burden of persuasion.  *See id.*  Dismissal is proper where the federal claim is "made solely for the purpose of obtaining jurisdiction" or where such a claim is "wholly insubstantial and frivolous."  *Kulick v. Pocono Downs Racing Ass'n, Inc.,* 816 F.2d 895, 898 (3d Cir. 1987) (citing *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S.Ct. 773, 90 L.Ed. 939 ( 1946)).

Here, we agree with Defendant and deem Defendant as making a factual challenge to jurisdiction. (Doc. 18, pp. 2-3).   The Court determines how to treat a Rule 12(b)(1) Motion.  *Id.*  Thus, we shall consider Defendant's Motion as a Rule 12(b)(1) Motion.

The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or

employment. 28 U.S.C. §2675 (a). Plaintiff here is seeking damages for lost personal property against the United States, incurred during his incarceration in federal prison, which was alleged to have been negligently not packed when he was transferred from one federal institution to another.

As stated, with respect to Plaintiff's FTCA claim, the only proper party Defendant is the United States, and not the ordinally named Defendant employees of the BOP. *See* 28 U.S.C. §2679 (b) and (d)(1).

We concur with Defendant, based on well-settled law and on the cases cited in its Brief, as well as this Court Order in *Gordon v. USA*, Civil No. 05-2494, M.D. Pa. (Doc. 19), that Plaintiff's complaint should be dismissed for lack of jurisdiction pursuant to the detention of goods exception to the FTCA. (Doc. 18, pp. 4-6). We see no reason to belabor the point that Plaintiff's present claims with respect to the improper packing and shipment of his property and subsequent loss of his property are clearly precluded by the detention of property exception to the FTCA. *Id*. Thus, we agree with Defendant that this Court lacks subject mater jurisdiction over Plaintiff's action, and its Motion to Dismiss should be granted.

## V. Recommendation.

Based on the foregoing, it is respectfully recommended that the Complaint be dismissed, pursuant to Fed. R. Civ. P. 41(b), on the basis of Plaintiff's failure to timely file his brief in opposition to Defendant's Motion to Dismiss, and for his failure to prosecute his action and to comply with an


Order of the Court.  It is also respectfully recommended that Defendant's Motion to Dismiss **(Doc. 17)** be granted, since this Court lacks subject matter jurisdiction over this case pursuant to the detention of goods exception to the FTCA, 28 U.S.C. § 2680(c).

        <u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: February 27, 2007**


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | CIVIL ACTION NO. **4:CV-06-1697** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| JOHN DOE, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **February 27, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                       s/ Thomas M. Blewitt
                                       **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**

**Dated: February 27, 2007**