IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | No. 3:06-CV-01697 |
| Plaintiff, | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| JOHN DOE, et al., | : | |
| Defendants. | : | |

**O R D E R**

March 21, 2007

On August 30, 2006, plaintiff Johnny Cyrus, an inmate at the Federal Correctional Instituted at Allenwood ("FCI-Allenwood), filed this action pro se pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Specifically, plaintiff alleges that two unknown Correction Officers, John Doe and Jane Doe, were involved in the negligent packing of his personal property when he was sent from FCI-Allenwood to the United States Medical Center for Prisoners.

This matter was initially referred to United States Magistrate Judge Thomas M. Blewitt. On September 6, 2006, the magistrate judge issued a seven-page report recommending that the plaintiff's action be construed as a Federal Tort Claims Act

1

(FTCA) action and that the United States be substituted as the sole defendant. (Rec. Doc. No. 6.)  On October 20, 2006, we adopted the report and recommendation in full and issued such an order.

On December 27, 2006, defendant filed a motion to dismiss.  (Rec. Doc. No. 17.)  In its motion, the defendant argues that the court lacks subject matter jurisdiction over plaintiff's claim because it is barred by the detention of goods exception to the FTCA set out in 28 U.S.C. § 2680©.  Plaintiff failed to file a timely response, and the magistrate judge issued an order on February 2, 2007 directing him to file a response by February 16, 2007.  On February 9, 2007, plaintiff filed a request that all his cases be dismissed[1].  (Rec. Doc. No. 22.)  On February 22, 2007, the magistrate judge refused to dismiss the action because the plaintiff alleged that his desire to dismiss the action arose from duress caused by threats from prison staff.  (Rec. Doc. No. 23.)

On February 27, 2007, the magistrate judge issued a nine-page report recommending that the complaint be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) and because the court lacks subject matter jurisdiction to hear the claim pursuant to the detention of goods exception to the

---

[1] At that time, plaintiff had six open Bivens civil rights actions pending with this court.

FTCA. (Rec. Doc. No. 24.) On March 16, 2006, plaintiff filed a "Motion to Move on With all Cases." (Rec. Doc. No. 25.) This motion does not address the magistrate's report and recommendation, but simply states that he has had problems responding to orders in the various actions he has pending before the court due to a lack of stamps.

   As a preliminary matter, it is unclear to us whether plaintiff wishes to have the action dismissed or not. As already stated, he did file a request to have the action dismissed, but this request stated the reason he was doing so was because various BOP employees were threatening him due to his court filings. (Rec. Doc. No. 22.) The magistrate judge refused to dismiss the case, but informed plaintiff that he could file a motion for a voluntary dismissal under Federal Rule of Civil Procedure 41(a). (Rec. Doc. No. 23.) The only response we have heard from plaintiff since was his "Motion to Move on With All Cases" in which he simply complains about a lack of stamps. (Rec. Doc. No. 25.) Thus, it is unclear whether plaintiff wishes to dismiss his action, or wants more stamps in order to make more filings with the court. In any event, we agree with the magistrate judge's thorough report and recommendation that dismissal is appropriate for both of the reasons given. Plaintiff has failed to prosecute the case and his lack of stamps is not a valid excuse. Plaintiff evidently had sufficient stamps to file his "Motion to Move on

With All Cases" but not to file a response to defendant's motion to dismiss. Furthermore, all the stamps in the world would not change the statutory bar under the FTCA for detention of goods. Therefore, we will adopt the magistrate judge's report and recommendation in full and dismiss the complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge Thomas M. Blewitt's Report and Recommendation is adopted in full.  (Rec. Doc. No. 24).

2. Defendant's motion to dismiss is granted.  (Rec. Doc. No. 17.)

3. Plaintiff's complaint is dismissed.

4. Plaintiff's motion to move on with all cases (Rec. Doc. No. 25, filed March 16, 2007) is denied as moot.

5. The clerk is directed to close the case file.

6. Any appeal from this order is not taken in good faith.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge